UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HARRIS R. BRIAN, | | |
| | Petitioner, | 23 Civ. 7252 (JHR) (VF) |
| -v.- | | ORDER ADOPTING REPORT AND RECOMMENDATION |
| EDWARD BURNETT, | | |
| | Respondent. | |

JENNIFER H. REARDEN, District Judge:

Pursuant to 28 U.S.C. § 2254, *pro se* Petitioner Harris R. Brian filed a petition for a writ

of habeas corpus (the "Petition") against Respondent Edward Burnett, the former Superintendent

at Fishkill Correctional Facility. ECF No. 1 (Pet.). The Petition challenged Petitioner's 2021

state-court conviction for second-degree burglary. *See id.* Before the Court is the Report and

Recommendation of Magistrate Judge Valerie Figueredo, ECF No. 4, recommending that the

Petition be denied without prejudice. The Court has examined the Report and Recommendation

and notes that no objections have been filed. For the reasons set forth below, the Court finds no

clear error in the Report and Recommendation and adopts Judge Figueredo's recommendation.

## BACKGROUND[1]

Petitioner filed the Petition on August 14, 2023 seeking reversal or vacatur of his

conviction. Pet. On August 17, 2023, the Petition was referred to Judge Figueredo for general

pretrial management and for habeas corpus. *See* ECF No. 3.

On October 2, 2023, Judge Figueredo issued a Report and Recommendation

recommending that the Court deny the Petition without prejudice. *See* ECF No. 4. The Report

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 4.

and Recommendation was mailed to Petitioner on October 3, 2023.  The Report and Recommendation notified the parties that they had "fourteen (14) days . . . to file any objections." *Id.* at 5.  The Report and Recommendation also cautioned that, "**[i]f a party fail[ed] to file timely objections, that party w[ould] not be permitted to raise any objections to the Report and Recommendation on appeal.**"  *Id.*  No objections have been filed, nor has any extension of time to file objections been requested.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24 Civ.1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025).  With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  A magistrate judge's decision is clearly erroneous only if the district court is "'left with the definite and firm conviction that a mistake has been committed.'"  *Parker v. Lee*, No. 18 Civ. 10400 (GBD) (SDA), 2022 WL 7164257, at *1 (S.D.N.Y. Sept. 29, 2022) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

Notwithstanding a direct warning that a failure to file objections would prevent a party from "rais[ing] any objections . . . on appeal," ECF No. 4 at 5, Petitioner did not file any objections to the Report and Recommendation.  Thus, Petitioner waived the right to judicial review.  *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (*citing Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P &*

*C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))).  The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error.  The Report and Recommendation is "well-reasoned and grounded in fact and law."  *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1.

Accordingly, the Court adopts the Report and Recommendation in its entirety and, for the reasons set forth therein, denies the Petition for a writ of habeas corpus.  After Petitioner has fully exhausted his state court remedies, he may file a Section 2254 petition in this Court.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).  Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that "any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied" for purposes of an appeal.  *Tashman v. Kijakazi*, No. 21 Civ. 0801 (JMF), 2022 WL 3159318, at *2 (S.D.N.Y. Aug. 8, 2022) (citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)).

The Clerk of Court is directed to dismiss the Petition, mail a copy of this Order to Petitioner, and close this case.

SO ORDERED.

Dated:  December 1, 2025
        New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

3